Judge Kathleen Cardone

2011 DEC 14  PM 4: 21

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | **S E A L E D** |
| Plaintiff, | § | **INDICTMENT** |
| | § | |
| v. | § | Cause No.  EP-11-CR - _____ |
| | § | |
| ROBERT E. CUFF, | § | VIOLATIONS: |
| Defendant. | § | (Count 1) 18 U.S.C. § 2241(c) |
| | § | Aggravated Sexual Abuse |
| | § | (Count 2) 18 U.S.C. § 2251(a) |
| | § | Sexual Exploitation of Children |
| | § | (Count 3) 18 U.S.C. § 2252(a)(2) and |
| | § | (b)(1) Receipt of Material |
| | § | Involving the Sexual Exploitation of |
| | § | Children, |
| | § | (Count 4) 18 U.S.C. § 2252(a)(4)(B) and (b)(2) |
| | § | Possession of Material Involving the |
| | § | Sexual Exploitation of Children |
| | § | Notice of Forfeiture |

EP11CR3016

THE GRAND JURY CHARGES THAT:

**COUNT ONE**
(18 U.S.C. § 2241(c) - Aggravated Sexual Abuse)

On or about July 4, 2011, in the Western District of Texas, and at a place within the special maritime and territorial jurisdiction of the United States as defined in Title 18, United States Code, Section 7(3), on land reserved and acquired for the use of the United States, to wit: Fort Bliss, Texas, the Defendant,

**ROBERT EDWARD CUFF,**

did knowingly engage in a sexual act, to wit, contact between the penis and vulva, contact between the mouth and the penis, and contact between the mouth and vulva, with the victim, J.M.R., a person

who at that time had not attained the age of 12 years, in violation of Title 18, United States Code, Section 2241(c).

## COUNT TWO
(18 U.S.C. § 2251(a) - Sexual Exploitation of Children)

Beginning on or about December 27, 2010 and continuing until on or about July 15, 2011, in the Western District of Texas and elsewhere, the defendant,

**ROBERT EDWARD CUFF,**

did knowingly employ, use, persuade, induce, entice, and coerce minors, and attempt to employ, use, persuade, induce, entice and coerce minors, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Sections 2251(a).

## COUNT THREE
(18 U.S.C. § 2252(a)(2)) and (b)(1) - Sexual Exploitation of Minors)

Beginning on or about September 1, 2010, and continuing until on or about July 15, 2011, in the Western District of Texas and elsewhere, the defendant,

**ROBERT EDWARD CUFF,**

did knowingly receive and attempt to receive visual depictions of persons under the age of eighteen (18) engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), which had been transported in interstate and foreign commerce, to wit: by computer, and the producing of which involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct, all in violation of Title 18, United States Code, Section 2252(a)(2).

## COUNT FOUR
(18 U.S.C. § 2252(a)(4)(B)) and (b)(2) - Possession of Sexual Exploitation of Minors)

On or about July 15, 2011, in the Western District of Texas, and elsewhere, the defendant,

**ROBERT EDWARD CUFF,**

knowingly possessed matter containing one or more visual depictions involving the use of a person under the age of eighteen (18), engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), which visual depictions had been transported in interstate and foreign commerce, to wit: by computer, and were produced using materials which had been shipped and transported in interstate and foreign commerce by any means, including by computer, and the producing of which involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

### Notice of Government's Demand for Forfeiture
### As to Counts Two, Three and Four
### (18 U.S.C. § 2253)

As a result of the commission of one or more of the offenses alleged in Counts Two, Three and Four, the Defendant, **ROBERT E. CUFF**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all right, title and interest of the defendant in any and all visual depictions described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, and 2260, and any and all books, magazines, periodicals, films, videotapes, and other matters which contain any such visual depiction, which were produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18, Part I, United States Code; any property, real and personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and any property, real and personal, used or intended to be used to commit or to promote the commission of

such offenses, and any property traceable to such property, including but not limited to the following items seized on or about July 15, 2011 from the defendant's residence:

1. Western Digital My Passport external hard drive, serial number XQ1A60V4300T;
2. IPOD 4 GB, serial number 6V6034GFS2C;
3. Netgear wireless router, serial number 1A14717B016DA;
4. Western Digital hard drive, serial number WXE807A38057;
5. Memorex USB drive 2.0;
6. SD card 512 MB;
7. HP Pavilion laptop, serial number 2CE715QF9;
8. Kodak camera, serial number KJCAC04601198;
9. Nikon Cool Pix camera, serial number 33025585;
10. Creative Zen XF2 MP3 Player;
11. IPOD silver in color, model AE320;
12. Seagate router, serial number 50D0T1Q7;
13. Acomdata router, serial number AC0903133833;
14. Vizio wireless router, serial number WGK01EAL300762;
15. Gateway video recorder, serial number 1098590410;
16. Cruzer mini USB drive 512 MB;
17. Seagate external hard drive, serial number 4LJ015TV;
18. F.A. Porsche silver external hard drive;
19. Mad Dog Multimedia hard drive;
20. Writeable media;
21. Various adult sex toys;
22. Written documents.

## Substitute Assets Provision

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;
(2) has been transferred or sold to, or deposited with, a third person;
(3) has been placed beyond the jurisdiction of the Court;
(4) has been substantially diminished in value; or
(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL.

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

_____
FOREPERSON OF THE GRAND JURY

ROBERT PITMAN
UNITED STATES ATTORNEY

BY: _____
     Assistant U.S. Attorney